UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALERXI RONDON REYES,

Petitioner,

v.

ANGELA DUNBAR et al.,

Respondents.

Case No. 1:26-cv-2458

Hon. Hala Y. Jarbou

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.15.) In an order entered on September 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on September 4, 2026. (ECF No. 4.) Petitioner filed a reply on September 9, 2026. (ECF No. 5.)

## II. Relevant Factual Background

Petitioner is a native and citizen of the Dominican Republic. (Pet., ECF No. 1, PageID.1, 4.) Petitioner first entered the United States on or about August 1, 1990. (Saunders Decl. ¶ 4, ECF No. 4-1, PageID.289.) On April 13, 1994, the Philadelphia Immigration Court granted Petitioner voluntary departure until October 13, 1994. (*Id.* ¶ 6, ECF No. 4-1, PageID.290.) When Petitioner failed to depart the United States, his order of removal became final on October 14, 1994. (*Id.*) On March 16, 1995, Petitioner was removed from the United States. (*Id.* ¶ 7.)

Petitioner subsequently entered the United States and was again removed in 2008. (*Id.* ¶¶ 8–10, ECF No. 4-1, PageID.290–291.)

On May 14, 2023, the United States Border Patrol arrested Petitioner and issued Petitioner a notice that it was reinstating Petitioner's prior order of removal. (*Id.* ¶ 11, ECF No. 4-1, PageID.291.) An Immigration Judge granted Petitioner withholding of removal to the Dominican Republic on September 20, 2023, and ICE released Petitioner on an Order of Supervision that same day. (*Id.*, ¶¶ 12–13.)

On February 17, 2026, Petitioner was arrested by ICE agents. (*Id.* ¶ 14, ECF No. 4-1, PageID.292.) On April 23, 2026, ICE Headquarters Removal Management Division (RMD) advised ICE Enforcement and Removal Operations (ERO) that Petitioner's "third country removal status is pending acceptance from a third country." (*Id.* ¶ 18.) On July 2, 2026, and July 15, 2026, RMD advised that Petitioner "has been nominated to future third country removal missions;" however, there is no indication that a "third country acceptance has been confirmed." (*Id.* ¶¶ 21–22.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S.

Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final in 1994. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the

Government must respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

In this case, Petitioner has been in ICE custody for more than six months. Petitioner contends that there is no significant likelihood of removal in the reasonably foreseeable future because, in those more than six months, ICE has not identified a third country for removal and has not obtained a travel document for Petitioner's removal. (Pet., ECF No. 1, PageID.2.) The Court agrees.

Because Petitioner has met his burden, Respondents must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. Respondents have not done so. Respondents assert only that that RMD has notified ERO that Petitioner "has been nominated to future third country removal missions." (Saunders Decl. ¶¶ 21–22, ECF No. 4-1, PageID.292.) There is no indication that ICE has even identified any particular third country at this time. Under these circumstances, Respondents have failed to respond with sufficient evidence to rebut Petitioner's showing that there is a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Therefore, the Court will grant Petitioner's § 2241 petition.

---

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

**V. Other Claims and Other Forms of Relief**

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**VI. Proper Respondents**

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to release Petitioner from custody, subject to any conditions that existed under Petitioner's Order of Supervision. The Court will also order Respondents to file a status report

within three days of the issuance of the Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment.

Dated: September 16, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE